IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

TERVARES DONELL LITTLES,
    Petitioner,

vs.                                           Case No.: 1:17cv282/MW/EMT

JULIE JONES,
    Respondent.
_____/

## **REPORT AND RECOMMENDATION**

    Petitioner filed a petition for writ of habeas corpus under 28 U.S.C. § 2254 (ECF No. 1). Respondent filed a motion to dismiss the petition as untimely, with portions of the state court record (ECF No. 12). The court provided Petitioner an opportunity to respond to the motion (*see* ECF No. 13), but he has not done so.

    The case was referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2; *see also* 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72(b). After careful consideration of the issues presented in Respondent's dispositive motion, it is the opinion of the undersigned that no evidentiary hearing is required for the disposition of this matter, Rule 8(a), Rules Governing Section 2254 Cases. It is further the opinion of the undersigned that the pleadings and attachments before the court show that Respondent's motion to dismiss should be granted.

I.   BACKGROUND AND PROCEDURAL HISTORY

The procedural background of this case is established by the state court record (ECF No. 12).[1] Petitioner was charged in the Circuit Court in and for Alachua County, Florida, Case No. 2012-CF-1380, with one count of attempted first degree murder while in actual possession of, and with discharge of, a firearm, causing serious bodily injury (Count I); one count of attempted second degree murder by shooting into an occupied vehicle while in actual possession of, and with discharge of, a firearm (Count II); and one count of actual possession of a firearm by a convicted felon (Count III) (Ex. B). Following a trial on November 19–22, 2013 (Exs. C1, C2, C3, C4, C5, C6), the jury returned a verdict of guilty as charged on Counts I and III, and guilty of the lesser included offense of shooting into an occupied vehicle on Count II (Ex. D). The court adjudicated Petitioner guilty in accordance with the verdict, and sentenced him, on January 27, 2014, as a habitual felony offender to life imprisonment on Count I, with a 25-year minimum mandatory and with pre-sentence credit of 665 days; a term of thirty (30) years of imprisonment on Count III, with a 3-year minimum mandatory, to run concurrently with the sentence on Count I; and a term of thirty (30)

---

[1] Hereinafter all citations to the state court record refer to the electronically filed exhibits to Respondent's motion to dismiss (ECF No. 12) unless otherwise indicated. Additionally, if a cited page has more than one page number, the court cites to the "Bates stamp" page number. Citations to the parties' pleadings refer to the page numbers automatically assigned by the court's electronic filing system.

Case No.: 1:17cv282/MW/EMT

years of imprisonment on Count II, to run consecutively to the sentences on Counts I and III (Exs. E, F, G). The judgment rendered on January 27, 2014 (Ex. E).

Petitioner appealed the judgment to the Florida First District Court of Appeal ("First DCA"), Case No. 1D14-396 (Ex. H). Prior to filing an initial brief, Petitioner filed a motion to correct sentencing error, pursuant to Rule 3.800(b)(2) of the Florida Rules of Criminal Procedure (Ex. I). On July 22, 2014, the circuit court granted the motion and directed the clerk of court to amend the sentence to reflect that the sentence on Count II was to run concurrently with the sentences on Counts I and III (Ex. J). The clerk of court filed an amended sentence on July 28, 2014 (Ex. K). The parties filed briefs in the First DCA (Exs. M, N). The First DCA affirmed the judgment per curiam without written opinion on February 24, 2015, with the mandate issuing March 12, 2015 (Ex. O). Littles v. State, 158 So. 3d 568 (Fla. 1st DCA 2015).

On April 28, 2016, Petitioner filed a motion for post-conviction relief in the state circuit court, pursuant to Rule 3.850 of the Florida Rules of Criminal Procedure (Ex. P at 1–17). The circuit court summarily denied the Rule 3.850 motion on June 14, 2016 (*id.* at 19–26). Petitioner appealed the decision to the First DCA, Case No. 1D16-3378 (Ex. P at 162–64, Ex. Q). The First DCA affirmed the decision per curiam

without written opinion on January 25, 2017, with the mandate issuing April 6, 2017 (Ex. S). Littles v. State, 222 So. 3d 1208 (Fla. 1st DCA 2017)

Petitioner filed the instant § 2254 petition on September 21, 2017 (ECF No. 1 at 14).[2]

## II.   ANALYSIS

A one-year period of limitation applies to the filing of a habeas petition by a person in custody pursuant to a state court judgment. *See* 28 U.S.C. § 2244(d)(1). The limitation period runs from the latest of:

> (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized

---

[2] The envelope in which the petition was mailed bears a stamp, which includes Petitioner's initials, stating that it was provided to prison officials for mailing on November 8, 2017 (*see* ECF No. 1 at 16). The petition itself bears two stamps from the prison mailroom, both of which include Petitioner's initials (*see id.* at 1, 14). One stamp states that the petition was provided to prison officials for mailing on November 8, 2017 (*see id.* at 1), and the other stamp indicates a date of September 21, 2017 (*see id.* at 14). The petition also includes a declaration, signed by Petitioner, declaring, under penalty of perjury, that the petition was placed in the prison mailing system on September 21, 2017 (*see id.*). The court will resolve the factual dispute in Petitioner's favor, and deem the petition filed on September 21, 2017.

by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

Respondent contends that the appropriate statutory trigger for the federal limitations period in this case is the finality date of the judgment, pursuant to § 2244(d)(1)(A) (*see* ECF No. 12 at 4). Petitioner does not argue that a different statutory trigger applies, but he argues the finality date is April 6, 2017, the date of the First DCA's mandate in the post-conviction appeal (*see* ECF No. 1 at 13).

The judgment referred to in section 2244(d)(1)(A) is the judgment of conviction, not the judgment disposing of post-conviction applications. *See* Bond v. Moore, 309 F.3d 770, 773–74 (11th Cir. 2002). The judgment of conviction becomes final, for purposes of § 2244(d)(1)(A), upon expiration of the 90-day period in which a defendant may seek direct review of his conviction in the United States Supreme Court. The 90-day period runs from the date of entry of the judgment sought to be reviewed. *See* Chavers v. Sec'y, Fla. Dep't of Corr., 468 F.3d 1273, 1275 (11th Cir. 2006). Federal Rule of Civil Procedure 6(a) provides that "[i]n computing any period of time prescribed or allowed by . . . any applicable statute, the day of the act, event

or default from which the designated period of time begins to run shall not be included." Fed. R. Civ. P. 6(a); *see also* Washington v. United States, 243 F.3d 1299, 1301 (11th Cir. 2001) (Rule 6 applies to calculation of one-year statute of limitations under AEDPA).

Calculating the finality date in Petitioner's case, the 90-day period for seeking certiorari review in the United States Supreme Court was triggered by the First DCA's affirmance in the direct appeal, on February 24, 2015, and it expired 90 days later, on May 25, 2015. Therefore, the statute of limitations began to run the next day, on May 26, 2015. Petitioner had one year from that date, or until May 26, 2016, to file his § 2254 petition. *See* Downs v. McNeil, 520 F.3d 1311, 1318 (11th Cir. 2008) (limitations period should be calculated according to "anniversary method," under which limitations period expires on anniversary of date it began to run) (citing Ferreira v. Dep't of Corr., 494 F.3d 1286, 1289 n.1 (11th Cir. 2007)).

The time during which a properly filed application for state post-conviction or other collateral review is pending is not counted toward the one-year federal limitations period. *See* 28 U.S.C. § 2244(d)(2). Here, Petitioner filed a Rule 3.850 motion, which qualifies as a tolling motion, on April 28, 2016.[3] At that time, **338**

---

[3] Petitioner's Rule 3.800(b)(2) motion was filed and disposed of prior to the finality date of his conviction; therefore, it does not affect the calculation of the federal limitations period.

Case No.: 1:17cv282/MW/EMT

**days** of the federal limitations period had run.  Petitioner's Rule 3.850 motion was pending until April 6, 2017, upon issuance of the First DCA's mandate in the post-conviction appeal.  *See* Nyland v. Moore, 216 F.3d 1264, 1267 (11th Cir. 2000) (where Florida petitioner appeals trial court's denial of post-conviction application, application remains pending until issuance of the mandate by the appellate court).  The federal limitations period recommenced the next day, on April 7, 2017, and expired **27 days** later, on May 3, 2017 (**338 days + 27 days = 365 days**).  Petitioner did not file his federal habeas petition until September 21, 2017.  Therefore, it is untimely.

Petitioner does not allege that he qualifies for any other type of tolling, or that he is entitled to federal review of his § 2254 petition through any recognized exception to the time bar.  Therefore, Respondent's motion to dismiss should be granted.

III.   CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."  If a certificate is issued "the court must state the specific issue or issues that satisfy the showing

required by 28 U.S.C. § 2253(c)(2)." 28 U.S.C. § 2254 Rule 11(a). A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. 28 U.S.C. § 2254 Rule 11(b).

"Section 2253(c) permits the issuance of a COA only where a petitioner has made a 'substantial showing of the denial of a constitutional right.'" Miller-El v. Cockrell, 537 U.S. 322, 336, 123 S. Ct. 1029, 154 L. Ed. 2d 931 (2003) (quoting § 2253(c)(2)). "At the COA stage, the only question is whether the applicant has shown that 'jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further.'" Buck v. Davis, 580 U.S.—, 137 S. Ct. 773 (2017) (citing Miller-El, 537 U.S. at 327). Here, Petitioner cannot make that showing. Therefore, the undersigned recommends that the district court deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." Thus, if there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Case No.: 1:17cv282/MW/EMT

Accordingly, it is respectfully **RECOMMENDED**:

1. That Respondent's motion to dismiss (ECF No. 12) be **GRANTED**.

2. That the habeas petition (ECF No. 1) be **DISMISSED as untimely**.

3. That a certificate of appealability be **DENIED**.

At Pensacola, Florida, this 24th day of July 2018.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO THE PARTIES**

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control. A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**